**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

|  |  |
|---|---|
| **YUSUF MUSTAFA,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**MARKET STREET MORTGAGE**<br>**CORPORATION; MGC MORTGAGE,**<br>**INC.; DOVENMUEHLE MORTGAGE,**<br>**INC.; LNV CORPORATION; et al.,**<br><br>*Defendants.* | Civil Action No. 2:11-CV-862-MEF-CSC<br><br>Removed from the Circuit Court of<br>Montgomery County, Alabama<br>Case No. CV-11-901164 |

## NOTICE OF REMOVAL

Defendants MGC Mortgage, Inc. ("MGC"), Dovenmuehle Mortgage, Inc. ("DMI"), and

LNV Corporation ("LNV", and collectively "Defendants"), by and through their counsel,

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal, removing this civil

action from the Circuit Court of Montgomery County, Alabama to the United States District

Court for the Middle District of Alabama, Eastern Division. This action is removable pursuant

to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the Plaintiff and

Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest

and costs. In support of their Notice of Removal, Defendants state as follows:

### PROCEDURAL BACKGROUND

1.      On September 7, 2007, Plaintiff Yusuf Mustafa ("Plaintiff") filed a Complaint in

the Circuit Court of Montgomery County, Alabama, in the civil action styled *Yusuf Mustafa v.*

*Market Street Mortgage Corporation, et al.,* Civil Action No. CV-2011-901164, asserting

various state law claims arising out of the servicing of his home mortgage loan. True and correct

copies of all process, pleadings, and orders served upon Defendants are attached hereto as Exhibit "**A**."

2.      In the Complaint, Plaintiff alleges that Defendants failed to properly apply payments to his account, improperly force-placed insurance on the subject property, charged inappropriate fees, improperly declared default and threatened foreclosure, failed to engage in loss mitigation, reported inaccurate information to credit reporting agencies, and improperly initiated proceedings to foreclose on the property.  Complaint ("Compl."), ¶¶ 3, 21-23, 25, 29, 36, 37-39, 42-44, 47.  Based upon these allegations, Plaintiff asserts the following causes of action: misrepresentation, suppression, breach of contract, negligence, wantonness, intentional infliction of emotional distress, trespass, defamation, conspiracy, and breach of third-party contract.  *See* Compl. at pp. 7-15.

3.      DMI was served with the Summons and Complaint on September 9, 2011; LNV was served with the Summons and Complaint on September 10, 2011; and MGC was served with the Summons and Complaint on September 12, 2011.  Therefore, this filing is within 30 days.  *See* 28 U.S.C. § 1446(b).

### DIVERSITY OF CITIZENSHIP

4.      Plaintiffs are residents and citizens of Montgomery County, Alabama.  *See* Compl., ¶ 1.

5.      MGC Mortgage, Inc. is a Texas corporation with its principal place of business in Plano, Texas. Pursuant to 28 U.S.C. § 1332(c)(1), MGC Mortgage, Inc. is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

6.     LNV Corporation is a Texas corporation with its principal place of business in Plano, Texas. Pursuant to 28 U.S.C. § 1332(c)(1), LNV Corporation is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

7.     Dovenmuehle Mortgage, Inc. is a Delaware corporation with its principal place of business in the State of Illinois.  Dovenmuehle Mortgage, Inc. is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

8.     Upon information and belief, Market Street Mortgage Corporation ("Market Street") is a Florida Corporation with its principal place of business in Florida.  Market Street is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

9.     For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see Davis ex rel. Estate of Davis v. General Motors Corp.*, 353 F.Supp.2d 1203, 1205 n.3 (M.D. Ala. 2005) (holding that unnamed defendants are not to be considered for purposes of establishing complete diversity).

10.    Consequently, based on the face of the Complaint, there is complete diversity of citizenship between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

11.    Plaintiff's Complaint asserts various state law claims and seeks unspecified and unlimited compensatory damages (including mental anguish) and punitive damages. *See* Compl. at p. 15, "Wherefore" clause.  Defendants deny the allegations of Plaintiff's Complaint and deny that they are liable for any damages to Plaintiff.  Nonetheless, in evaluating whether diversity

3

jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. § 1332.

12.     Eleventh Circuit precedent establishes that when a plaintiff's complaint contains an unspecified demand for damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs.[1]  *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  Where there are such deficiencies in the complaint, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional requirement.  *Id.* at 754.   To ascertain the amount in controversy, the court considers the notice of removal and all other evidence presented by the defendants which can include both documents received from the plaintiff and the defendants own evidence.  *Id.* at 756. The Eleventh Circuit has made it clear that:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought.  Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable.  Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

---

[1] The preponderance of the evidence standard requires a removing defendant to "establish the amount in controversy by [t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal citations omitted).

13.     In the present case, Plaintiff alleges that Defendants have wrongfully threatened foreclosure and wrongfully "initiated foreclosure proceedings" with respect to his property and that Defendants "had no right to affect Plaintiff's ownership in her [sic] home." *See* Compl., ¶¶ 25, 47, 74.  These allegations make it clear that Plaintiff seeks to prevent Defendants from proceeding with efforts to foreclose the property.  Accordingly, the amount in controversy can be established by the value of the property and/or the amount of the mortgage debt at issue.  *See Mapp v. Deutsch Bank Nat'l Trust Co.*, 2009 WL 3664118, \*3 (M.D. Ala. 2009) (noting that the value of mortgaged property is more than just the value of the equity in the property because ownership of property is a "bundle of rights" including title to the home and the right to peaceful possession and enjoyment of the property and holding that these objectives are "best measured by the value of home itself"); *Bourgeois v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 24029 (S.D. Ala. Feb. 16, 2011) (holding that "it is clear that any declaration by this Court that plaintiff has complied with the mortgage by making the … payments described in the complaint and that, consequently, defendants have no authority to accelerate her debt and foreclose on her property, would necessarily entail a declaration concerning the validity of the entire accelerated debt.").

14.     The original amount of Plaintiff's Note was $236,000.  *See* Note, attached hereto as Exhibit "**B**."  The Note is secured by a Mortgage executed by Plaintiff on September 10, 2007.  *See* Mortgage, attached hereto as Exhibit "**C**."  The tax assessed value of the property as of October 2011 is $233,600.  *See* Tax Assessment, attached hereto as Exhibit "**D**."  The value of the property at issue, which is well beyond the jurisdictional requirement, satisfies Defendants' burden to prove the amount in controversy is met.

15.     Moreover, considering the nature of Plaintiff's allegations, Plaintiff's claim for mental anguish and emotional distress damages additionally supports the conclusion that the requisite amount in controversy has been met. *See e.g. Barnes v. Jetblue Airways Corp.*, 2007 WL 1362504 at *2 (S.D. Fla. May 7, 2007) (Denying plaintiff's motion to remand, the court agreed that, "[t]hough difficult to quantify, such an award of [emotional distress] damages could easily match the amount of...[compensatory] damages," thus exceeding the jurisdictional requirement).  Where "plaintiff asserts more than one claim...all of the plaintiff's claims may be aggregated to reach the jurisdictional minimum." *Barnes,* 2007 WL 1362504 (citing *Exxon Mobil Corp. v. Allapattah Serv's, Inc.*, 545 U.S. 546, 585 (2005).

16.     Finally, in addition to compensatory damages, which independently rise above the jurisdictional threshold, Plaintiff seeks punitive damages.  Plaintiffs' demand for punitive damages is, of course, included in the determination of the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine amount in controversy); *Holley Equip Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.") (internal citations omitted); *Henry v. Nationwide Ins. Co.*, 2007 WL 2409817 at *3 (S.D. Ala. Aug. 22, 2007) ("[P]unitive damages must be considered when calculating the amount in controversy."); *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009) (denying remand where Plaintiff claimed punitive damages in addition to $23,177 in compensatory damages holding that "it is the constitutionally-permissible limits of punitive damages in a particular case that are used to compute the jurisdictional amount-in-controversy requirement."); *See also Henderson v. Dollar*

6

*Gen. Corp.*, 2009 U.S. Dist. Lexis 29903 (S.D. Ala. Apr. 7, 2009); *Katz v. J.C. Penney Corp.*, 2009 U.S. Dist. Lexis 51705 (S.D. Fla. June 1, 2009); *Wilson v. Time Ins. Co.*, 2006 U.S. Dist. Lexis 51181 (M.D. Fla. July 26, 2006).

17.     Consequently, based upon consideration of all of the foregoing, Defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of this Court.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

18.     Because this Notice of Removal was filed within thirty days of service of the Complaint upon Defendants, it is timely under 28 U.S.C. § 1446(b).

19.     All properly joined and served Defendants join in and consent to this removal. *See* Market Street's Consent to Removal, Exhibit "**E**".

20.     Defendants have sought no similar relief with respect to this matter.

21.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

22.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

23.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Court Clerk for the Circuit Court of Montgomery County. *See* Notice of Filing Notice of Removal, attached hereto as Exhibit "**F**."

24.     The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, Eastern Division, and this cause is removable to the United States District Court for the Middle District of Alabama, Eastern Division.

25.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and present oral argument in support of their position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: October 11, 2011

Respectfully Submitted,

John David Collins
Maynard, Cooper & Gale, P.C.

*Attorney for MGC Mortgage, Inc., Dovenmuehle Mortgage, Inc., and LNV Corporation*

OF COUNSEL:

**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North,
Suite 2400
Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1104 Telephone
(205) 254-1999 Facsimile

8

## CERTIFICATE OF SERVICE

I certify that on the 11th day of Oct, 2011, I caused copies of the foregoing to be sent

via U.S. mail, postage-prepaid, to the following:

*Attorney for Plaintiffs*
C. Lance Gould
William H. Roberston, V
BEASLEY, ALLEN, CROW, METHVIN, PORTIS &
MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103

Of Counsel