ELECTRONICALLY FILED
9/7/2011 1:06 PM
CV-2011-901164.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## FIFTEENTH JUDICIAL CIRCUIT

| | |
|---|---|
| **Yusuf Mustafa** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO. _____** |
| § | |
| **Market Street Mortgage Corporation;** § | |
| **MGC Mortgage, Inc.; Dovenmuehle** § | |
| **Mortgage, Inc.; LNV Corporation;** § | |
| **Fictitious Defendants, A. B, C,… who are** § | |
| **those individuals, partnerships, corporations** § | |
| **limited liability companies, or legal entities** § | **JURY TRIAL DEMANDED** |
| **who are or have been mortgage brokers,** § | |
| **holders, or servicers of the notes and** § | |
| **mortgages executed by the Plaintiff, or who** § | |
| **have otherwise attempted to collect fees,** § | |
| **charges, and other penalties from the** § | |
| **Plaintiff; Fictitious Defendants AA, BB,** § | |
| **CC,… who are those individuals,** § | |
| **partnerships, corporations, limited liability** § | |
| **companies, or other legal entities who** § | |
| **conducted property inspections on behalf of** § | |
| **the holders or servicers of the notes and** § | |
| **mortgages executed by the Plaintiff and who** § | |
| **also performed other mortgage related** § | |
| **servicers on behalf of the holders or** § | |
| **servicers,** § | |
| § | |
| **Defendants.** § | |

## COMPLAINT

1.      Plaintiff Yusuf Mastafa is an individual over the age of nineteen and a resident of Montgomery County, Alabama. Plaintiff Yusuf Mastafa will hereinafter be referred to as "Plaintiff."

2.      Defendant Market Street Mortgage Corporation ("Market Street") is a foreign corporation doing business in Montgomery County, Alabama.

3.     Defendant MGC Mortgage, Inc. ("MGC") is a foreign corporation doing business in Montgomery County, Alabama.

4.     Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is a foreign corporation doing business in Montgomery County, Alabama.

5.     Defendant LNV Corporation ("LVN") is a foreign corporation doing business in Montgomery County, Alabama.

6.     Fictitious Defendants A, B, C, … are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are have been mortgage brokers, holders, or servicers of the notes and mortgages executed by the Plaintiff or who have otherwise attempted to collect fees, charges, and other penalties as more fully discussed below.

7.     Fictitious Defendants AA, BB, CC, … are those individuals, partnerships, corporations, limited liability companies, or other legal entities who conducted property inspections on behalf of the holders or servicers of the notes and mortgages executed by the Plaintiff and who performed other mortgage related services on behalf of those holders or servicers.

8.     Named and Fictitious Defendants will hereafter collectively be referred to as Defendants.

9.     Defendants serviced and/or held Plaintiff's mortgage on his residence located inside of Montgomery County, Alabama.

10.     Jurisdiction and venue are proper before this Court.

11.     Plaintiff's claims are brought solely under Alabama law, and Plaintiff does not bring any claim and/or disclaims any and all claims under Federal laws, statutes, or regulation.

12.     Plaintiff filed this lawsuit within two (2) years of discovering the fraud.

## FACTS

13.     On or around September 10, 2007, Plaintiff and his late wife, Gloria Copeland Mustafa, executed a note and mortgage with Defendant Market Street on their residence at 1082 Highway 94 in Ramer, Alabama.

14.     Defendant Market Street referenced the Plaintiff's mortgage as loan number 1000565514.

15.     On or around June 20, 2008 the collection rights were transferred from Defendant Market Street to Defendant MGC.

16.     Defendant MGC referenced the Plaintiff's mortgage loan as 17105567 and 0000025336.

17.     On June 4, 2008 Defendant Market Street represented to Plaintiff that "Your new servicer [Defendant MGC] will honor the terms and conditions of your mortgage loan just as they had been in the past."

18.     On July 1, 2008 Defendant MGC represented to Plaintiff that "The transfer of your mortgage loan does not affect any term or condition of your mortgage instruments, other than the terms related to the servicing of your loan."

19.     In reliance on the representations of Defendant Market Street and Defendant MGC, Plaintiff submitted payments to Defendant MGC and did not seek refinancing.

20.     Defendant MGC failed to give Plaintiff credit for payments made to Defendant Market Street and improperly charged late fees for those payments, particularly in July 2008 amongst other dates.

3

21.    Defendant MGC improperly held payments from Plaintiff and otherwise miscalculated the amount owed, particularly in November 2008 when $1,643.79 was held as "Unapplied Funds."

22.    Defendant MGC Mortgage misapplied payments for improper force placed property insurance when the Plaintiff had purchased adequate property insurance, particularly in August 2010 for $1,304.00; amongst other dates.

23.    Defendant MGC Mortgage improperly held payments from Plaintiff in the form of a "suspense" account created by the Defendants on multiple occasions.

24.    Defendant MGC Mortgage improperly charged Plaintiff late fees for payments that they timely received.

25.    Defendant MGC improperly declared the Plaintiff in default and initiated foreclosure proceedings against Plaintiff's home, particularly around July 2009 amongst other dates.

26.    The actions of Defendant MGC in paragraph 19-24 were contrary to Defendant MGC's representation that they would service the Plaintiff's loan in accordance with the original mortgage instruments.

27.    The mishandling of Plaintiff's loan caused payments not to be applied in accordance with the mortgage instruments and resulted in the assessment of improper and unearned fees, penalties, and other charges being assessed against the Plaintiff throughout the entire servicing of Plaintiff's loan. By March 2010, Defendant MGC represented that the Plaintiff had accumulated $745.41 in unpaid late charges and $788.00 in "Outstanding Advances/Fees."

4

28.     Defendant MGC represented by applying for repayment plans, loan modifications and other relief, Plaintiff could cure the alleged delinquency and prevent default.

29.     Defendant MGC charged excessive and improper fees related to the repayment plans, loan modifications, and other relief and then wrongly denied the relief applied for.

30.     Defendant MGC's actions in servicing the Plaintiff's mortgage were for the benefit and performed at the direction of the mortgage note holder, Defendant LNV Corporation.

31.     In correspondence dated March 16, 2010 Defendant MGC represented that the servicing rights to Plaintiff's mortgage would be shared with Defendant Dovenmuehle starting April 1, 2010.

32.     Defendant Dovenmuehle and Defendant MGC then began referencing Plaintiff's loan as 0000025336.

33.     Defendant MGC represented that the sharing of the servicing rights with Defendant Dovenmuehle would not "affect any term or condition of the mortgage instruments other than terms directly related to the servicing of your loan."

34.     In reliance on the representations of Defendant MGC and Defendant Dovenmuehle, Plaintiff submitted payment to Defendant Dovenmuehle and Defendant MGC and did not seek refinancing.

35.     Defendant Dovenmuehle and Defendant MGC improperly inflated the escrow payments needed for March 2011 to February 2012 based on the projection that Plaintiff's loan would require force placed insurance in September 2011 costing $1044.00 when the Plaintiff had purchased adequate homeowners insurance that continued until September 2012.

36.     Defendant Dovenmuehle and Defendant MGC charged Plaintiff late fees for payments that were timely submitted and received.

5

37.     Defendant Dovenmuehle and Defendant MGC misapplied payments and/or improperly held timely payments and otherwise miscalculated the amount owed by the Plaintiff.

38.     Defendant Dovenmuehle and Defendant MGC improperly held payments from Plaintiff in the form of a "suspense" account.

39.     Defendant Dovenmuehle and Defendant MGC improperly charged Plaintiff unidentified, unauthorized and unearned fees during the course of the servicing of the Plaintiff's mortgage.

40.     Defendant Dovenmuehle's and Defendant MGC's actions were contrary to their representation that they would service the mortgage in accordance with the original mortgage instruments.

41.     Because of Defendant Dovenmuehle's and Defendant MGC's actions, Plaintiff was forced to seek repayment plans, loan modifications, and other relief from Defendant Dovenmuehle and Defendant MGC.

42.     Through July 2010 to November 2010, Defendant Dovenmuehle and Defendant MGC represented that the Plaintiff could cure an alleged delinquency by submitting an application for a repayment plan, loan modification, or other assistance.

43.     Plaintiff relied on those representations and submitted applications for a repayment plans, loan modifications, or other assistance according to Defendant Dovenmuehle's and Defendant MGC's instructions, particularly on or around May 18, 2010, September 13, 2010, September 22, 2010, October 29, 2010 amongst other dates.

44.     Defendant Dovenmuehle and Defendant MGC refused to consider these applications and falsely represented that they could not consider Plaintiff for relief because

6

Plaintiff's applications were incomplete, particularly on August 19, 2010, September 16, 2010, October 18, 2010, amongst other dates.

45.    Defendant Dovenmuehle and Defendant MGC charged Plaintiff excessive and improper fees related to applications for repayment plans, loan modifications, and other relief.

46.    Around May 24, 2011, Plaintiff qualified for up to approximately $15,000 in financial assistance from the "Hardest Hit Alabama" program, a state sponsored foreclosure assistance program, which would have assisted Plaintiff in making mortgage payments and becoming current with his mortgage creditors. However, Defendant Dovenmuehle, Defendant MGC, and Defendant LVN refused to participate or even consider this program.

47.    Defendant Dovenmuehle and Defendant MGC are currently maintaining improper foreclosure proceedings against the Plaintiff's home. The Plaintiff's home is scheduled for foreclosure sale on September 15, 2011.

48.    Defendant Dovenmuehle's and Defendant MGC's actions were for the benefit and performed at the direction of the mortgage note holder, Defendant LVN.

## COUNT ONE

49.    The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

50.    Defendants misrepresented to the Plaintiff:

      a.    The total amount owed by the Plaintiff at any given time due to the fact that any improper and fraudulent charges, fees and/or penalties in turn caused the Plaintiff's loan balance to be inaccurate;

7

b. The current amount due from the Plaintiff at any given time due to the fact that any improper and fraudulent charges, fees and/or penalties in turn caused the Plaintiff's payment amount to be inaccurate;

c. That they would service the Plaintiff's note and mortgage in accordance with the terms thereof;

d. That they had not received proof of insurance on the Plaintiff's property;

e. That the Plaintiff was in default;

f. That Plaintiff owed funds which were not actually due;

g. That Plaintiff's loan status and history could be "fixed" or "cured" with a repayment plan, forbearance agreement, and/or a loan modification;

h. That Plaintiff had incurred fees which had not actually and properly been incurred;

i. That payments would be applied in a particular manner;

j. That the property securing the Note and Mortgage was uninsured; and

k. That they had a right to foreclose on the Plaintiff's property.

51. Said representations were made with the intent that Plaintiff rely upon them.

52. Plaintiff relied on said representations in various ways including, but not limited to:

a. Sending payments or money to Defendants which was not due;

b. Delaying or not inquiring into a refinance;

c. Applying for one or more repayment plans, forbearance agreements, and/or loan modifications; and

       d.      Entering into one or more repayment plans, forbearance agreements, and/or loan modifications.

53.    Defendants benefited from Plaintiff's reliance.

54.    As a result of said conduct, Plaintiff was damaged, by paying money that he was not required to pay, losing interest on that money, and such damages further include mental anguish or emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

**COUNT TWO**

55.    The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

56.    Defendants suppressed from the Plaintiff:

       a.      The total amount owed by the Plaintiff at any given time due to the fact that any improper and fraudulent charges, fees and/or penalties in turn caused the Plaintiff's loan balance to be inaccurate;

       b.      The current amount due from the Plaintiff at any given time due to the fact that any improper and fraudulent charges, fees and/or penalties in turn caused the Plaintiff's payment amount to be inaccurate;

       c.      That money paid to the Defendants would be held in "suspense";

       d.      Defendants' true intentions with respect to the foreclosure of the Plaintiff's home;

e.    The actual status of Plaintiff's mortgage loan;

f.    Defendants' true intentions with respect to the handling of the Plaintiff's loan; and

g.    The business relationship between Defendants, and between the Defendants and third parties, including but not limited to insurance providers and home inspectors.

57.    Defendants had a duty to disclose these facts to the Plaintiff.

58.    As a result of not being made aware of these suppressed material facts, the Plaintiff:

a.    Sent payments or money to Defendants that was not due;

b.    Delayed or failed to inquire into a refinance;

c.    Applied for one or more repayment plans, forbearance agreements, and/or loan modifications; and

d.    Entered into one or more repayment plans, forbearance agreements, and/or loan modifications.

59.    As a result of said conduct, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT THREE

60.     The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

61.     One or more contracts existed between Plaintiff and Defendants.

62.     Defendants breached their agreements with Plaintiff.

63.     As a result of said breach, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory damages, court costs, attorney's fees, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT FOUR

64.     The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

65.     Defendants were negligent in the servicing of Plaintiff's mortgage loan.

66.     As a result of said negligence, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT FIVE

67.     The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

68.     Defendants were wanton in the servicing of Plaintiff's mortgage loan.

69.     As a result of said wantonness, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT SIX

70.     The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

71.     Defendants were negligent and wanton in their hiring, training, and supervision of individuals or entities that serviced or conducted inspections of the Plaintiff's mortgage loan.

72.     As a result of said negligence and wantonness, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT SEVEN

73.     The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

74.     Defendants intentionally inflicted emotional distress upon Plaintiff by threatening and attempting to foreclose on Plaintiff's home for failure to pay fees and charges which

12

Defendants had no right to collect, and by otherwise making representations that they would and actually begin to foreclosure when they had no right to affect Plaintiff's ownership in her home.

75.     Defendants also intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's mortgage loan and fees and charges which were being applied to Plaintiff's account improperly.

76.     Such conduct was outrageous and in contravention of good conduct and good faith, and should thus be deemed repugnant by our society.

77.     As a result of said conduct by Defendants, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT EIGHT

78.     The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

79.     The Defendants intentionally entered upon the Plaintiff's property without notice to or permission of the Plaintiff.

80.     Said entry upon the Plaintiff's property was committed under circumstances of insult and contumely.

81.     Said entry upon the Plaintiff's property was accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence.

13

82. As a result of said trespass, the Plaintiff and her property were damaged and such damages include mental anguish and/or emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

### COUNT NINE

83. The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

84. Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties.

85. This information was false and defamatory.

86. As a result, Plaintiff's credit history was damaged and such damages include mental anguish and/or emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

### COUNT TEN

87. The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

88. Defendants conspired with each other to commit the wrongs alleged herein.

14

89.     As a result of said conduct by Defendants, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT ELEVEN

90.     The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

91.     The Defendants entered into contract or contracts amongst themselves for the servicing of the Plaintiff's loan and the placement of insurance if required by Plaintiff's note and mortgage.

92.     The Defendants entered into contract or contracts for the transfer of servicing and collection rights to Plaintiff's loan.

93.     The Defendants breached the contract or contracts.

94.     The contracts were intended to benefit the Plaintiff.

95.     As a result of said breach, Plaintiff was damaged, as stated in paragraph 54 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory (including mental anguish or emotional distress) and punitive damages, court costs, and such other and further relief as a jury may award and this Court may deem just and proper.

Dated: September 7, 2011

/s/ C. Lance Gould
C. Lance Gould (GOU007)
One of the Attorneys for Plaintiff

/s/ William H. Robertson, V
William H. Robertson, V (ROB161)
One of the Attorneys for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

## JURY DEMAND

**PLAINTIFF HERBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

/s/ C. Lance Gould
OF COUNSEL

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Market Street Mortgage Corporation
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

MGC Mortgage, Inc.
1 Corporate Drive Suite 360
Lake Zurich, Illinois 60047

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

Dovenmuehle Mortgage, Inc.
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104